NOT FOR PUBLICATION

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARSENIO CASTILLO, JR. and HELEN CASTILLO,<br><br>       Plaintiffs,<br>  v.<br><br>ZUCKER, GOLDBERG & ACKERMAN, LLC, and JOHN DOES I-X,<br><br>       Defendants. | **OPINION**<br><br>Civ. No. 14-06956 (WHW) (CLW) |

**Walls, Senior District Judge**

  Plaintiffs' complaint in this matter alleges that Defendant law firm Zucker, Goldberg & Ackerman, LLC ("ZGA") violated the Fair Debt Collection Practices Act ("FDCPA") by sending Plaintiffs two communications despite knowing of their representation by counsel. ZGA moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that the communications did not violate the FDCPA. The Court grants ZGA's motion without oral argument under Federal Rule of Civil Procedure 78(b).

### FACTUAL AND PROCEDURAL BACKGROUND

  Plaintiffs Arsenio Castillo, Jr. and Helen Castillo own a home in Paramus, New Jersey. Compl. ¶ 5, ECF No. 1. In 2005, they took out a loan secured by a mortgage on their home. *Id.* ¶¶ 6-8. In 2010, Plaintiffs defaulted on their loan obligations. *Id.* ¶ 9. After their default, Capital One, N.A. claimed ownership of the loan and retained ZGA to bring a foreclosure action. *Id.* ¶¶ 10-12. ZGA filed a foreclosure complaint in New Jersey Superior Court on January 8, 2013. *Id.* ¶ 13. Plaintiffs retained counsel at Denbeaux & Denbeaux and filed an answer on February 14, 2013. *Id.* ¶ 15. In connection with the foreclosure proceeding, ZGA sent two communications to

**NOT FOR PUBLICATION**

Plaintiffs at their home along with copies to their counsel at Denbeaux & Denbeaux.[1] *Id.* ¶¶ 16-22; Decl. of Andrew Sayles, Esq. ("Sayles Decl."), Exs. D-E, ECF No. 7-2.

The first communication, dated March 3, 2014, is a pre-foreclosure notice which provided information to Plaintiffs regarding the foreclosure action pending in Superior Court, Sayles Decl., Ex. D, as required by the New Jersey Fair Foreclosure Act. N.J. Stat. Ann. 2A:50-58(a)(1). Labeled with the header "NOTICE," the document is written in letter form and includes the Superior Court foreclosure action's case name and docket number in a subject line. Sayles Decl., Ex. D. The letter states that ZGA "intends to apply for final judgment of foreclosure in the above captioned matter," and provides Plaintiffs ten days to notify ZGA of any intent to cure the default before it does so. *Id.* The second communication, dated October 18, 2014, is a copy of the notice of the motion for final judgment which ZGA filed in the Superior Court foreclosure action. *Id.*, Ex. E.

Plaintiffs claim that these communications violated section 1692c(a) of the FDCPA, 15 U.S.C. § 1692c(a), which prohibits debt collectors from communicating with consumers who they know to be represented by counsel. *Id.* ¶¶ 30-32. Plaintiffs filed this action on November 6, 2014, seeking compensatory damages, statutory damages, and attorneys' fees and costs. *Id.* ¶ 34.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that

---

[1] Because these communications are specifically referenced in the complaint and Plaintiffs do not contest the authenticity of the copies presented by Defendant, the Court considers them in deciding the present motion to dismiss. *See Sentinel Trust Co. v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003).

offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotations and alterations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Id.* at 679.

As the Third Circuit Court of Appeals has explained, the analysis "unfolds in three steps." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). "First, we outline the elements a plaintiff must plead to state a claim for relief. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. Finally, we look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'" *Id.* (citing and quoting *Iqbal*, 556 U.S. at 675-79, and *Argueta v. U.S. Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). As a general matter, the court's inquiry "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." *In re Rockefeller Ctr. Prop., Inc.*, 311 F.3d 198, 215 (3d Cir. 2002).

## DISCUSSION

ZGA argues that Plaintiffs' complaint should be dismissed under Rule 12(b)(6) because the FDCPA allows the communications it sent to Plaintiffs. Def.'s Mem. 12-13, ECF No.7-1.[2]

### 1. The FDCPA

"The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Associates, Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). "Attorneys who regularly engage in debt collection or debt

---

[2] The Court need not consider Defendant's other arguments.

**NOT FOR PUBLICATION**

collection litigation are covered by the FDCPA, and their litigation activities must comply with the requirements of that Act." *Id.* (citing *Heintz v. Jenkins*, 514 U.S. 291 (1995)). "[I]f a communication meets the Act's definition of an effort by a 'debt collector' to collect a 'debt' from a 'consumer,' it is not relevant that it came in the context of litigation. The same is true where the communication comes in the context of *in rem* litigation." *Id.* at 234 (internal citations omitted).

FDCPA section 1692c deals with "Communication in connection with debt collection," and contains four sub-sections. 15 U.S.C. § 1692c. The first sub-section, 1692c(a), forbids a debt collector from communicating directly with a consumer if "the debt collector knows the consumer is represented by an attorney with respect to such debt . . . ." 15 U.S.C. § 1692c(a)(2). The third sub-section, 1692c(c), provides that if a consumer has notified a debt collector in writing that they refuse to pay a debt or that they wish the debt collector to cease communicating with them, the debt collector shall not communicate further with them except to notify the consumer that the debt collector "may invoke" or "intends to invoke a specified remedy." 15 U.S.C. §§ 1692c(c)(2)-(3). In analyzing section 1692c(c), the Supreme Court has stated:

> . . . it would be odd if the Act empowered a debt-owing consumer to stop the "communications" inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt. But, it is not necessary to read § 1692c(c) in that way—if only because that provision has exceptions that permit communications "to notify the consumer that the debt collector or creditor may invoke" or "intends to invoke" a "specified remedy" (of a kind "ordinarily invoked by [the] debt collector or creditor"). §§ 1692c(c)(2), (3). Courts can read these exceptions, plausibly, to imply that they authorize the actual invocation of the remedy that the collector "intends to invoke." The language permits such a reading, for an ordinary court-related document does, in fact, "notify" its recipient that the creditor may "invoke" a judicial remedy. Moreover, the interpretation is consistent with the statute's apparent objective of preserving creditors' judicial remedies.

*Heintz*, 514 U.S. at 296. The Supreme Court further explained that it analyzed the FDCPA's effect on ordinary debt-collecting litigation activities "in light of the fact that, when Congress first wrote the Act's substantive provisions, it had for the most part exempted litigating attorneys from the

**NOT FOR PUBLICATION**

Act's coverage; that, when Congress later repealed the attorney exemption, it did not revisit the wording of these substantive provisions; and that, for these reasons, some awkwardness is understandable." *Id.* at 295. The Court of Appeals for the Third Circuit has interpreted the Supreme Court's decision in *Heintz* and found that the Court "refused to read the FDCPA as prohibiting suits to collect debts." *Simon v. FIA Card Servs., N.A.*, 732 F.3d 259, 276 (3d Cir. 2013). The Third Circuit also observed that the Supreme Court "noted that many litigation activities would be authorized under the exception that a debt collector may 'notify the consumer that the debt collector or creditor may invoke' or 'intends to invoke' a 'specified remedy.'" *Id.* (quoting 15 U.S.C. §§ 1692c(c)(2)-(3)).

### 2. ZGA's Communications Did Not Violate the FDCPA

At issue are the two communications ZGA sent to Plaintiffs: the pre-foreclosure notice and the notice of its motion for final judgment in the Superior Court foreclosure action. ZGA argues that although it sent these two communications to Plaintiffs while knowing they had counsel, the communications fall under the exceptions in FDCPA section 1692c(c)(2)-(3). Def.'s Mem. 12-13. ZGA invokes the 1692c(c) rule that "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt," the debt collector may "notify the consumer that the debt collector or creditor intends to invoke a specified remedy." *Id.* (citing 15 U.S.C. §§ 1692c(c)(2)-(3)).

The Court agrees with ZGA that its two communications to Plaintiffs do not violate the FDCPA because they are permitted by sections 1692c(c)(2)-(3). Plaintiffs filed an answer in the Superior Court foreclosure action which "denies that [Capital One, N.A.] has any rights to enforce the promissory note" and "denies that [Capital One, N.A.] has ever taken ownership of the mortgage or otherwise obtained a right to enforce the mortgage."[3] Supp. Decl. of Andrew C.

---

[3] The Court considers this answer because it is specifically referenced in Plaintiffs' complaint. Compl. ¶ 15.

5

Sayles, Esq., Ex. A. This answer was a written notification of Plaintiffs' refusal to pay the mortgage debt which enabled ZGA to make the limited responsive communications permitted by sections 1692c(c)(1)-(3). Section 1692c(3) allows debt collectors to respond with communications of their intent to invoke specified remedies. 15 U.S.C. § 1692c(c)(3). ZGA's pre-foreclosure notice did that: it clearly expressed that ZGA "intends to apply for a final judgment of foreclosure." The Court finds that the letter falls within the exception. The same analysis applies to ZGA's second communication, the notice of its motion for final judgment. As the Supreme Court indicated in *Heintz*, "Courts can read these exceptions, plausibly, to imply that they authorize the actual invocation of the remedy that the collector 'intends to invoke.'" *Heintz*, 514 U.S. at 296. The notice of motion for final judgment is nothing other than the invocation of ZGA's judicial remedy. It is also permissible under section 1692c(c)(3).

Plaintiffs argue that the exceptions in section 1692c(c) do not apply to relieve debt collectors of violations under section 1692c(a), which prohibits debt collectors from communicating with consumers who they know are represented by counsel. Pls.' Opp. 13. Plaintiffs contend that "[e]ach subsection of 15 USC § 1692c is self-sustaining." *Id.* Based on the guidance of the Supreme Court and Third Circuit, and persuasive opinions of other district courts, the Court disagrees.

In *Heintz*, the Supreme Court stated that the FDCPA has an "apparent objective of preserving creditors' judicial remedies." *Heintz*, 514 U.S. at 296. At the same time, the Court recognized that the FDCPA's substantive provisions apply to attorneys' litigating activities with "some awkwardness" due the FDCPA's legislative history. *Id.* at 295. Interpreting *Heintz*, the Third Circuit has guided that "many litigation activities would be authorized under the exception that a debt collector may 'notify the consumer that the debt collector or creditor may invoke' or

**NOT FOR PUBLICATION**

'intends to invoke' a 'specified remedy.'" *Simon*, 732 F.3d at 276. Here, the communications ZGA sent Plaintiffs are ordinary litigation documents which appropriately served to advance the parties' active foreclosure process in New Jersey Superior Court in accordance with New Jersey state law. They exhibit none of the "abusive, deceptive or unfair" characteristics which the FDCPA was meant to remedy. *Piper*, 396 F.3d at 232. Further diminishing the appearance of abusive, deceptive or unfair treatment, ZGA sent the communications to Plaintiffs' counsel at the same time they sent them to Plaintiffs. Compl. ¶¶ 20, 22. Although it is possible to read section 1692c(a)'s prohibition on communications with represented consumers as prohibiting debt collectors from sending these ordinary litigation documents to consumers, this interpretation clashes with the intent of the FDCPA to preserve ordinary judicial remedies while preventing abusive practices.

Other district courts to have addressed this circumstance—where a debt collector sent court-related documents to consumers during foreclosure actions despite their representation by counsel—agree that the section 1692c(c) exceptions shield the debt collectors from FDCPA liability under section 1692c(a). *Hooks v. Forman Holt Eliades & Ravin LLC* presented an almost identical fact pattern: a debt collector sent a pre-foreclosure notice letter to a consumer as mandated by the New Jersey Fair Foreclosure Act. *Hooks*, Civ. No. 11-2767, 2012 WL 3322637, at *6 (S.D.N.Y. Aug. 13, 2012), *vacated in part*, 717 F.3d 282 (2d Cir. 2013). The district court dismissed the claim, finding section 1692c(c)'s exceptions applicable "even where a Defendant is presumed to have knowledge of a consumer's representation by counsel." *Id.*; *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 283 n.2 (2d Cir. 2013) (stating that the district court's dismissal of the plaintiff's section 1692c(a) claim was not appealed). Similarly, in *Buffington v. Schuman & Schuman, P.C.*, Civ. No. 00-1620, 2001 WL 34082273, at *3 (N.D.N.Y. Feb. 21, 2001), a debt collector pursuing foreclosure sent a consumer a letter "to notify plaintiff of his

default, inform him about a method to cure the default and advise him of defendants' intent to foreclose." After reviewing *Heintz*, the district court concluded "that while *Heintz* did not create a unilateral exception to the FDCPA, lower courts are free to interpret the §§ 1692c(c)(2) & (3) exceptions in a manner that preserves a creditor's judicial remedies." *Id.*

Two district courts have reached the opposite conclusion, but faced different fact situations. *Crouch v. J.J. Marshall & Associates, Inc.*, Civ. No. 07-477, 2007 WL 3173975, at *3 (W.D. Mich. Oct. 26, 2007) (finding that the section 1692c(c) exceptions do not apply to violations of 1692c(a)); *Robin v. Miller & Steeno, P.C.*, Civ. No. 13-2456, 2014 WL 3734318, at *3 (E.D. Mo. July 29, 2014) (following *Crouch*). The cases are distinguishable because the offending communications they reviewed were not made in furtherance of judicial remedies, but rather were demands for debt payment. *Crouch*, 2007 WL 3173975, at *1; *Robin*, 2014 WL 3734318, at *1. The communications at issue here were directly related to ZGA's proper pursuit of foreclosure in New Jersey Superior Court. Given the Supreme Court's guidance that the FDCPA has an objective of preserving creditors' judicial remedies, *Heintz*, 514 U.S. at 296, and the Third Circuit's broad interpretation of the scope of the section 1692c(c) exceptions for litigating activities, *Simon*, 732 F.3d at 276, the Court finds that the section 1692c(c) exceptions shield ZGA's communications from FDCPA liability. Plaintiffs have failed to state a valid cause of action.

## CONCLUSION

The Court grants ZGA's motion to dismiss the complaint. An appropriate order follows.

Date: March 18, 2015

                                                            **/s/ William H. Walls**
                                                            United States Senior District Judge