**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ARSENIO CASTILLO, JR., AND HELEN
CASTILLO,

       Plaintiffs,

v.

ZUCKER, GOLDBERG & ACKERMAN,
LLC, and JOHN DOES I-X,

       Defendants.

Civil Action No. 2:14-cv-6956 (WHW)(CLW)

**<u>OPINION & ORDER</u>**

**<u>Waldor, United States Magistrate Judge</u>**

       **THIS MATTER** comes before the Court on Defendants' motion for sanctions and on

Plaintiffs' motion for an extension of time to file a notice of appeal. Both motions arise out of the

District Judge's Order granting Defendants' motion to dismiss. The Court declined to hear oral

argument pursuant to Rule 78 and, for the reasons set forth below, the Court denies Defendants'

motion and grants Plaintiffs' motion.

       Plaintiffs filed suit alleging that Defendants, a law firm, violated the Fair Debt Collection

Practices Act ("FDCPA") by improperly communicating with Plaintiffs subsequent to their home

mortgage loan default. (Compl. ¶¶ 5-22, 28-34, ECF No. 1.) In particular, Plaintiffs claimed that

two communications relating to the foreclosure and enforcement thereof violated the FDCPA, 15

USC § 1692c(a), which prohibits debt collectors from communicating with consumers who they

know to be represented by counsel. (<u>Id.</u> ¶¶ 28-34.) Pursuant to Rule 12(b)(6), Defendants moved

to dismiss Plaintiffs' complaint on grounds that the FDCPA allowed the communications sent to

Plaintiffs. (Mot. to Dismiss, ECF No. 7-1.) In granting the motion to dismiss, the District Court

reasoned that both communications were permissible because they fell within an exception to the prohibition against communications with counseled consumers. (Op. at 5-6, ECF No. 15 (citing § 1692c(c)(3)).) In reaching its conclusion, the District Court construed the applicable statutory provisions in conjunction with case law from this District and others; the Court also distinguished cases from elsewhere that reached the conclusion advocated by Plaintiffs. (Id. at 5-8.)

**Defendants' Motion for Sanctions**

Defendants move for sanctions pursuant to Rule 11 and 28 U.S.C. § 1927. (Mot. for Sanctions, ECF No. 17-2.) In short, Defendants characterize Plaintiffs' complaint as "entirely frivolous, without merit and filed with disregard to the costs and expenses it imposes upon" Defendants because, *inter alia*, the two communications at issue were sent as required by New Jersey law and as excepted by the FDCPA. Defendants accordingly seek an order requiring Plaintiffs to reimburse Defendants "for all of the costs and attorney's fees incurred in defending this case as these baseless, groundless claims[.]"

"Rule 11 is intended to deter baseless filings in the District Court and thus streamline the administration and procedure of the federal courts." Hillburn v. Bayonne Parking Auth., 2012 WL 4469353, at *5 (D.N.J. Sept. 24, 2012) (quoting Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 393 (1990)) (internal quotations and citations omitted). "The legal standard to be applied when evaluating conduct allegedly violative of Rule 11 is reasonableness under the circumstances." Ford Motor Co. v. Summit Motor Prod., Inc., 930 F.2d 277, 289 (3d Cir. 1991). "Reasonableness" is defined as "an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact." Id.; Schering Corp. v. Vitarine Pharm., Inc., 889 F.2d 490, 496 (3d Cir. 1989) (holding that to comply with Rule 11, counsel must conduct a "reasonable inquiry into both the facts and law supporting a particular pleading"). Importantly, "[s]ubstantially

2

more [than an adverse ruling] is required" to warrant sanctions under Rule 11. Gaiardo v. Ethyl Corp., 835 F.2d 479, 483 (3d Cir. 1987). Thus, sanctions are imposed only "in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account, 618 F.3d 277, 297 (3d Cir. 2010) (quoting Doering v. Union Cnty. Bd. of Chosen Freeholders, 857 F.2d 191, 194 (3d Cir. 1988)) (internal quotation marks omitted).

In addition, 28 U.S.C. § 1927 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Sanctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal." Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 142 (3d Cir. 2009) (quoting LaSalle Nat'l Bank v. First Connecticut Holding Grp., L.L.C. XXIII, 287 F.3d 279, 289 (3d Cir. 2002)) (internal quotation marks omitted). Section 1927 further "requires a court to find an attorney has 1) multiplied proceedings; 2) in an unreasonable and vexatious manner; 3) thereby increasing the cost of the proceedings; and 4) doing so in bad faith or by intentional misconduct." In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 101 (3d Cir. 2008) (quoting In re Prudential Ins. Co. of Am. Sales Practice Litig., 278 F.3d 175, 188 (3d Cir. 2002)) (internal quotation marks omitted).

Upon review of the record, the Court discerns a basis for sanctions under neither Rule 11 nor § 1927. Although Plaintiff's claims failed, the Court cannot find that Plaintiff's claims are patently frivolous, or that Plaintiff engaged in other sanctionable conduct. Similarly, Defendants have failed to show that Plaintiffs acted in bad faith. In particular, any sanction imposed would be

harsh considering that the motion to dismiss was thoroughly briefed and ultimately decided in Defendants' favor pursuant to a statutory exception—with the District Court recognizing contrary but factually distinguishable authority in rendering its decision. Moreover, even assuming state law may be read to require the communications at issue, it is reasonable to conceive of a potential conflict between state and federal law. Litigating such grey areas, whether in one case or more, should not be equated with sanctionable conduct; this is especially so where, as here, there otherwise is no evidence of bad faith or unreasonableness. Further, the Court credits—and declines to punish—Plaintiffs' counsel's certification and representation that the "claim [was] one of first impression for which there exists an objectively reasonable basis for the relief sought." (Opp. to Sanctions, ECF No. 18; Certification, ECF No. 18-1.) Accordingly, the Court will not impose a chilling effect on litigants by sanctioning Plaintiffs under the circumstances presented here.

**Plaintiffs' Motion for an Extension of Time to File a Notice of Appeal**

Federal Rule of Appellate Procedure 4(a)(5) authorizes a party to file a "Motion for Extension of Time" and provides:

> (A) The district court may extend the time to file a notice of appeal if:
>> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
> (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.
> (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

"The good cause standard 'applies in situations in which there is no fault—excusable or otherwise.'" Ragguette v. Premier Wines & Spirits, 691 F.3d 315, 324, n.2 (3d Cir. 2012) (quoting Fed. R.App. P. 4 (Advisory Committee's Notes on 2002 Amendments)). That is, "good cause" is a basis for extending the time to file "only if the request is made within the original 30 day period for taking the appeal" and "[a]ny request for extension filed after the original period has run is governed by the excusable neglect standard." Consol. Freightways Corp. of Del. v. Larson, 827 F.2d 916, 918, n.3 (3d Cir. 1987). Determining whether neglect is "excusable" requires weighing a number of factors, including "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993).

The motion to dismiss was granted on March 18, 2015, and Plaintiffs concede that the last day to timely file a notice of appeal was April 17, 2015.  Plaintiffs, through counsel's declaration, assert that the failure to timely file was due to the lack of admission to the Third Circuit on the part of counsel and his firm, which counsel secured on April 22, 2015. (Decl. ¶¶ 4-10, ECF No. 19-2.) The instant motion for an extension of time was filed on April 24, 2015. (Mot. to Extend, ECF No. 19.) Hence, the good cause standard is inapplicable.

Defendants characterize Plaintiffs' explanation for the delay as "insufficient" and as "an excuse amount[ing] to nothing more than inadvertence, ignorance of the rules, and/or mistakes construing the rules, which do not meet the strict standard of excusable neglect." Defendants stress that they "continue[] to be prejudiced by Plaintiffs in having to expend additional time, money, and resources in opposing Plaintiffs' half-hearted attempt to seek more time to continue this vexatious and harassing litigation."

First, it must be noted that Third Circuit Local Appellate Rule 46.1(b) provides that "[a]n attorney must apply for admission to the bar of this court when the attorney enters an appearance, or at such time as a motion, brief, or other document is filed in this court." Thus, Plaintiffs' counsel could have filed the notice of appeal while contemporaneously seeking admission to the Third Circuit, which would have obviated the need to file the instant motion and mooted Defendants' eventual opposition. Nonetheless, such an error, while regrettable and within counsel's control, was not grave, ill-intentioned, or time-consuming. See Wansor v. George Hantscho Co., 570 F.2d 1202, 1206-07 (5th Cir. 1978) (emphasizing the fact-sensitive inquiry and declining to vacate district court's finding of excusable neglect where attorney had mistaken impression of applicable rules); Feeder Line Towing Serv., Inc. v. Toledo, P. & W. R. R. Co., 539 F.2d 1107, 1109 (7th Cir. 1976) (noting that attorney error may constitute excusable neglect and finding that the district court had not "abused its discretion in finding counsel's good faith, though erroneous interpretation of the law 'excusable neglect'"). And while the Court recognizes the possibility of prejudice on account of Defendants' reasonable impression that the case had reached its conclusion once the time to file a notice of appeal had expired, the oversight resulted in only a week's delay beyond the prescribed period—a period during which counsel credibly represents that he was working diligently toward Third Circuit admission. See In re Diet Drugs Products Liab. Litig., 401 F.3d 143, 154 (3d Cir. 2005) (finding excusable neglect where failure to timely file notice was "understandable and reasonable" in light of minimal delay and impact on proceedings). The risk of prejudice and length of delay are also mitigated by the presence of the other pending motion on the docket as well as by the time elapsed from the filing of each motion to the date of this Order. In light of the particular facts presented, the Court therefore finds that counsel has demonstrated excusable neglect and that an extension of time is warranted under Rule 4(a)(5).

6

ACCORDINGLY, IT IS on this 29th day of September, 2015,

ORDERED that Defendants' motion for sanctions is DENIED; and

ORDERED that Plaintiffs' motion for an extension of time to file a notice of appeal is

GRANTED, with Plaintiffs afforded fourteen (14) days from the date of this Order to file a notice

of appeal; and

ORDERED that the Clerk shall terminate ECF Nos. 17 and 19.


_s/Cathy L. Waldor_____
**CATHY L. WALDOR**
**United States Magistrate Judge**